Case 1:00-cv-00130    Document 1    Filed in TXSD on 08/24/2000    Page 1 of 27

## MOTION UNDER 28 U.S.C., SECTION 2255, TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | FOR THE SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION |
|---|---|---|
| Name of Movant PEDRO DELERMA FERRETIZ | Prisoner No. 71718-080 | Docket No. B-99-00149-01 |

(Include name upon which convicted)

**B-00-130**

UNITED STATES OF AMERICA      v.      PEDRO DELERMA FERRETIZ

(Full name of movant)

### MOTION

1. Name and location of court which entered the judgment of conviction under attack: UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BORWNSVILLE, DIVISION

2. Date of judgment of conviction: AUGUST 10, 1999

3. Length of sentence: FORTY ONE (41) MONTHS

4. Nature of offense involved (all counts): ILLEGAL RE-ENTRY, IN VIOLATION OF TITLE 8 U.S.C. § 1326(a)(b)

United States District Court
Southern District of Texas
FILED

AUG 24 2000

Michael N. Milby
Clerk of Court

5. What was your plea? (Check one)
   (a) Not guilty      [  ]
   (b) Guilty          [X]
   (c) Nolo contendere [  ]

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

   _____

6. Kind of trial: (Check one)
   (a) Jury        [  ]
   (b) Judge only  [X]

7. Did you testify at the trial?
   Yes [  ]   No [X]

8. Did you appeal from the judgment of conviction?
   Yes [X]   No [  ]

I

9. If you did appeal, answer the following: U.S. COURT OF APPEALS FOR THE FIFTH CIRCUIT

   (a) Name of court: APPEAL FROM THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION

   (b) Result: (AFFIRME)

   (c) Date of result: MAY 31, 2000

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes [  ]   No   [ X ]

11. If your answer to 10 was "yes", give the following information:

    (a) (1) Name of court: _____ N/A _____

        (2) Nature of proceeding: _____ N/A _____

        _____ N/A _____

        (3) Grounds raised: _____ N/A _____

        _____

        _____

        _____

        _____

        (4) Did you receive an evidentiary hearing on your petition, application of motion?
            Yes [  ]   No [ X ]

        (5) Result: _____ N/A _____

        (6) Date of result: _____ N/A _____

    (b) As to any second petition, application or motion, give the same information.

        (1) Name of court: _____ N/A _____

        (2) Nature of proceeding: _____ N/A _____

        _____

        (3) Grounds raised: _____ N/A _____

        _____

        _____

        _____

2

(4)  Did you receive an evidentiary hearing on your petition, application of motion?
Yes      [   ]   No  [X  ]

(5)  Result: _____ N/A _____

(6)  Date of result: _____ N/A _____

(c)  As to any third petition, application or motion, give the same information:

(1)  Name of court: _____ N/A _____

(2)  Nature of proceeding: _____ N/A _____

(3)  Grounds raised: _____ N/A _____

_____

_____

_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application of motion?
Yes      [   ]   No  [X  ]

(5)  Result _____ N/A _____

(6)  Date of Result _____ N/A _____

(d)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1)  First petition, etc.    , Yes    [   ]   No    [X ]
(2)  Second petition, etc.    Yes    [   ]   No    [X ]
(3)  Third petition, etc.    Yes    [   ]   No    [X ]

(e)  If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____ N/A _____

12.  State concisely every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.
If necessary, you may attach pages stating additional grounds and facts supporting same.
CAUTION:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.
For your information, the following is a list of the most frequently raised grounds for relief in these proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any ground which you have other than those listed  However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
DO NOT CHECK ANY OF THESE LISTED GROUNDS.  If you select one or more of these grounds for relief, you must allege facts
The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b)  Conviction obtained by use of coerced confession.

3

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest
(e) Conviction obtained by a violation of privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected  and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A.  Ground one:

Supporting FACTS (tell your story *briefly* without citing cases or law):  **ISSUE No.  1**

**DISMISS PENALTY ENHANCEMENT AND TO CORRECT SENTENCED.**

**(See Attached)**

B.  Ground two:

Supporting FACTS (tell your story *briefly* without citing cases or law):  **ISSUE No.  2**

**WHETHER THE SEVERE SENTENCED HE HAS RECEIVED ON ACCOUNT**

**OF THOSE CRIMES HE PLEAD GUILTY TO WHICH LACK A SPECIFIC**

**INTENT ELEMENT.**

**(See Attached)**

C.  Ground three:

Supporting FACTS (tell your story *briefly* without citing cases or law)  **ISSUE No.  3**

**WHETHER THE DEFENDANT SHOULD BE GRANTED A DOWNWARD DEPARTURE**

**DUE TO DEFENDANT"S INELIGIBLILITY FOR PRE-RELEASE CUSTODY, B.O.P,**

**1-YEAR REDUCTION AFTER COMPLETING THE (500) HOURS DRUG PROGRAM:**

**AND MINIMUM SECURITY CONFINEMENT AS A  RESULT OF HIS STATUS AS**

**A DEPORTABLE ALIEN.**

**(See Attached)**

4

D. Ground four _____ **N/A** _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____ **N/A** _____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____ **N/A** _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes    [ ]    No    [X]

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attached herein:

(a) At the preliminary hearing: _____ **Ed Stapleto   (AFPD)** _____
**600 E. Harrison St.   Suite #102   Brownsville Tx. 78520**

(b) At arraignment and plea: _____ **Same** _____

(c) At trial: _____ **Same** _____

(d) At sentencing: _____ **Same** _____

_____

5

(c)  On appeal: _____ N/A _____

_____ N/A _____

(f)  In any post-conviction proceeding: _____

_____

(g)  On appeal from any adverse ruling in a post-conviction proceeding: _____
_____ N/A _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes    [   ]       No  [ X ]

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes    [   ]       No  [ X ]

  (a)  If so, give name and location of court which imposed sentence to be served in the future: _____
_____

  (b)  And give date and length of sentenced to be served in the future: _____
_____

  (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes    [   ]       No  [ X ]

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

**Petitioner Pro-Se**
_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on __**August 1 8, 2000**_____ (date).

_Pedro de Lema Fenetz_
_____
Signature of Movant

6

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


Pedro Delerma Ferretiz,
     Petitioner,


    Vs.                          Case Number:  B-99-00149-01


United States of America,
        Respondent,


---

### MEMORANDUM OF LAW IN SUPPORT OF 28 U.S.C. § 2255 MOTION

---


Pedro Delerma Ferretiz
Register No. 71718-080
Giles W. Dalby Corr. Fac.
805 North Avenue "F"
Post, Texas. 79356

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| United States of America,<br>Government, | § | |
| | § | |
| Vs. | | **Docket Number:** B-99-00149-01 |
| | § | |
| Pedro Delerma Ferretiz,<br>Defendant, | § | |

---

Comes now the Defendant <u>Pedro Delerma Ferritz</u>, pursuant to **28 U.S.C. § 2255** and moves this Honorable Court for an order vacating the sentence imposed and correct sentence under the correct provisions of the United States Sentencing Guidelines.

Defendant request an evidentiary hearing where he may offer both testimonial and documentary evidence, and the Defendant requests the District Court to instruct the Probation Office to re-compute his criminal history category and total offense level. Petitioner contends that his sentence is in violation of the Constitution and laws of the United States as stated here-in and requests further relief as may appear necessary.

### STATEMENT OF JURISDICTION

Subject matter jurisdiction in the District Court was conferred by **28 U.S.C. § 2241** and **2255**, granting prisoners in custody serving federal sentences if unlawfully imposed. The Jurisdiction of this Court to hear this petition is invoked pursuant to an in accordance with the provisions of 28 **U.S.C. § 1291, 2106 and 2255.**

(1)

## STATEMENT OF LEGAL ADVOCACY

Petitioner,   Pedro Delerma Ferretiz , has been assisted in the preparation of this brief by a Legal Advocate.  Legal advocacy is provided  to,  indigent and/or illiterate inmates in accordance with the rulings in **Johnson Vs. Avery, 393 U.S. 483 (1969); Wolf   Vs.   McDonnell,  418 U.S. 539 (1974).**

## PRELIMINARY STATEMENT

The Defendant will be referred to by name or as the defendant.  The United States of America, will be referred to as the Government.  The Defendant is Federal prisoner at Giles W. Dalby Correctional Facility located on 805 North Avenue "F" in Post, Texas 79356.

Whose Constitutional Rights, including Due Process, are being violated by his present and future incarceration that results from a sentence that the Petitioner is innocent of, due to the unwarranted and disparate sentence he has received.

(2)

## STATEMENT OF THE ISSUES

ISSUE No:___1__  Dismiss Penalty Enhancement and to Correct Sentenced.

ISSUE No:___2__  Whether the severe sentence he has received on account of those crimes
he plead guilty to which lack a specific intent element.

ISSUE No:___3__  Whether the defendant should be granted a downward departure due to
Defendant's ineligibility for pre-release custody, Bureau of Prisons One
(1) year reduction after completing the (500) hours of Drug Program: and
minimum security confinement as a result of his status as a Deportable
Alien.

(3)

**ISSUE No.\_\_1\_\_ DISMISS PENALTY ENHANCEMENT AND TO
CORRECT SENTENCED**

The Defendant \_\_Pedro Delerma Ferretiz\_, in this case was arrested on March 1, 1999 and has

been in custody since then.  Whether a Defendant has prior "aggravated felony"conviction (August

1, 1996) is important because the penalties are drastically higher.  Under the Sentencing Guidelines

the base offense level for the crime of \_\_**Illegal Re-Entry**\_ is eight (8) levels under **U.S.S.G. § 1326**.

However, if the alien has a "prior aggravated felony" the offense level under the Sentencing

Guidelines is increased by sixteen levels **U.S.S.G.  §  2L1.2(b)(2)**.  If the prior felony conviction

is not an "aggravated felony" the offense level is increased by only for (4) levels.  In the instant case

the Defendant 'did not have aggravated felony ".

The Anti Drug Abuse Act of 1988 created a new category of crime called "aggravated

felony", which has been define to mean murder, drugs, or firearms.  Trafficking and any conspiracy

of attempt such acts.  (Section 501 of the Immigration Act of 1990) expanded the definition of

"aggravated felony" in INA 101 (a)(43) to include any illicit trafficking in any controlled substances.

As the conference report explains; an alien whose deportation followed conviction for a crime of

crimes none of which met, the definition of aggravated felony under INA 101(a)(43) before

enactment of the IIRAIRA.  But at least one of which did meet the definition after such enactment.

"May only be prosecuted under INA 276(b) for an Illegal-Entry.  That occurs on or after the dated

of enactment".  **H.R. Conf.  No. 828.  104[th] Cong.  2[nd] Sess.  223 (1996)**.  However IIRAIR

321(c) also provides that there should be no ex-post facto application of this amended definition in

the case for prosecution under INA 276(b) for Illegal Re-Entry into the United States.  As required

by Koon, this Court should consider the structure and theory of the Guidelines as a whole and

determine whether this case falls outside the Guidelines's heartland, **Koon,\_\_\_\_\_U.S.  116 S. Ct.

at 2045.**

(4)

CutePDF - www.tavio.com

The Commission does not preclude a downward departure based upon the totality of circumstances or a combination of characteristics. See **U.S.S.G. § 5K2.0   Comm, at 311 (Nov. 1995).**   The Defendant avers that  the combination of legislative history, the Guidelines Commentary, the structure of the Guidelines, government publications, prosecutorial practices, the types of crimes prosecuted, statistical evidence, and past sentencing practices (including more felonious crimes throughout the circuits).   It should be concluded,  this case falls outside the heartland of typical Re-Entry.  A downward departure is therefore justified.  Moreover, as set forth in detail above, the common sense goal of <u>Consistency</u> in sentencing within the Federal Court System <u>could be easily met with as 24-months term of imprisonment</u>.  To acute to the government's tunnel visioned insistence on approximately twice the prison time would miss the target of consistency would achieve no societal benefit, would cost the American taxpayers a minimum of almost $73,000. in prison expenditures, and would take up space in an already over-crowded system, spaces better reserved for the human predators among us. ❶

---

❶  The average cost for maintaining a prisoner is approximately $21,352. Per year. U.S. DET'T OF JUST.  JUD.  GUIDE TO THE FED. BUREAU OF PRISONS 5 (1995).  The Government seeks to spend a minimum of $44,488.21 and a maximum of $64,050,39. The cost of maintaining this Defendant in prison for additional time.  Federal Prisons are currently operating at 124% of capacity.

(5)

 Pedro DeLerma Ferretiz, files this Motion under 28 United States Code, Section § 2255 to vacate set aside, or correct sentence by a person in federal custody.  To dismiss the government's notice of penalty enhancement.  As grounds for his motion Defendant respectfully shows the following:

## 1. FACTS

Defendant, was charged by indictment with Illegal Re-entry into the United States after deportation, in violation of **8 U.S.C. § 1326(a) and § 1326(b)**.  The defendant had been convicted of and aggravated felony and is therefore subject to an enhanced sentence under **8 U.S.C. § 1326(a)(b),** when the indictment lacks an element of that offense violated Due Proceed.

Pedro DeLerma Ferretiz, was found guilty of the above offense, and now moves to dismiss the penalty enhancement because the government failed to allege the prior-felony element is missing from the indictment, Defendant may only be sentenced  under 8 U.S.C. § 1326(a)(1)(2) for which the statutory maximum sentence was two (2) years.  Sentencing Defendant under § 1326(a)(b) when the indictment lacks an element of that offense violates Due Process.

(6)

CUtePDF - www.testia.com

## II.  ARGUMENTS AND AUTHORITIES

In <u>United States Vs. Vasquez-Olvera, 999 F.2d 943 (5th Cir. 1993), cert. Denied. 510 U.S.1976 (1994).</u>  A divided panel of the Fifth Circuit determined that **8 U.S.C. § 1326(b)** is a penalty enhancement for <u>8 U.S.C. § 1326(a).</u>  The Court relied on the criteria enunciated in <u>United States Vs. Davis, 801 F. 2nd 754 (5th Cir. 1986).</u>  (1), whether the statute predicated punishment upon conviction under another section, (2) whether the statute multiplies the penalty received under another section, (3) whether the statute provides guidelines for the sentencing hearing, and (4) whether the statute is titled as a sentencing provision. "<u>Vasquez-Olvera, 999 F. 2nd 945 (citing Davis, 801 F. 2nd 756).</u>  The Fifth Circuit concluded that § 1326(b) "meets three of the Davis factors and has enough of the common traits of a sentence enhancement provision of us to conclude that Congress intended for it to be a sentence enhancement provision, "<u>Vasquez-Olvera, 999 F. 2nd 945.</u>

In reaching this decision, the fifth circuit relied heavily on the fact that Congress included the following words in the statutes: "Subject to Subsection (b) of this section" and  notwithstanding Subsection (a) of this section.  "The Fifth Circuit also stated that "it is highly unlikely that Congress would structure the statute in such a way that subsection (b) is dependent (sic) on elements of subsection (a), if it intended for subsection (b) to a separate criminal offense.  <u>Vasquez-Olvera, 999 F. 2nd 946.</u>  In a lengthy dissenting opinion, Fifth Circuit Judge King opined that "while the majority's interpretation is a permissible one, there is another, equally permissible interpretation of the statute. "Judge King observed that "subsection (b) states that it appears 'in the case of any alien described in 'subsection (a).  It does not say 'in the case of any alien convicted of the offense set forth in Subsection (a).  I further believe that the use of the phrase 'notwithstanding Subsection (a), 'if anything, argues in favor or holding that the drafters of Subsection (b) intended it to be a separated offense. <u>Vasquez-Olvera, 999 F 2nd at 948 .</u>

(7)

The Ninth Circuit has decided the issue contrary to the Fifth Circuit majority's decision. In United States Vs. Campos-Martinez, 976 F. 2nd 589 (9th Cir. 1992), that Court held that prosecutors must prove all elements of subsection (b) beyond a reasonable doubt before a defendant is subject to the maximum sentence provided for in § 1326(a)(b), because subsection (b) is an element of the offense, rather than penalty enhancement.   Based on this split among the Circuits, the U.S. Supreme Court recently granted certiorari in a Fifth Circuit case, United States Vs. Almendarez-Torres, No. 96-10254, un pub. op. (5th Cir. August 22, 1996), reported at 96 F.3d 1443, (table). cert. Granted by 1996 WL 693614 (U.S. Mar. 31, 1997), which raises this precise issue.   The case was yet to be decided: Defendant, seeks to preserves the issue for further review.

For this reason the Defendant  Pedro DeLerma Ferretiz , prays that this Court will dismiss the penalty enhancement in this case and  re-sentenced Defendant within the Two (2) years maximum under 8 U.S.C. § 1326(a). Also, provide U.S.S.G.  § 5   G (.) (a).

(8)

**ISSUE No.  2   WHETHER THE SEVERE SENTENCE HE HAS RECEIVE ON ACCOUNT OF THOSE CRIMES HE PLEAD GUILTY TO WHICH LACK A SPECIFIC INTENT ELEMENT**

However his conviction under **§ 1326(a) and (b)** is not on dispute, but the severe sentence he has received on account of those crimes he pled guilty to which lack a specific intent element. See **United States Vs. Henry, 111 F.3d 111 (11ᵗʰ Cir. 1997)**.  Because the burden is on him while seeding a downward departure or reduction in his sentence of 41 months, by a preponderance standard; he will show this Court examples of individuals and corporations who after committing far more felonious crimes literally received lesser sentences and the corporations who merely paid a fine___no prison time for this Corporate Heads.  And the question he now puts forward before this Honorable Court is _____ where is the Justice.....where is the consistency of the punishment fitting the crime____something is missing from this terrain justice.  In order for petitioner to maintain a .collateral attack on his sentence under **§ 2255,** he must show EITHER_____a fundamental defect which inherently results in a complete miscarriage of justice <u>or an omission inconsistent with the rudimentary demands of fair procedure</u> .  **Hill Vs. United States, 7 L. Ed.2nd 417 (1962).** The court in **United States Vs. Bart, 973 F. Supp. 691 (W.D. Tex. 1997)** granted a departure from guideline imprisonment range of 46 to 57 months to a sentence of 21 months showing that the departure was justified and reasonable by analogy to Sentencing Guidelines. <u>The defendant avers that his sentence of 41 months is disparate and consistent with an  commission inconsistent with the rudimentary demands of fair procedures.  Id.</u>    To achieve the admirable goal of avoiding disparities in sentencing; **Congress enacted The Federal Sentencing Guidelines.  18 U.S.C. § 3553(a)(2)(A) to (D)**. Though the defendant was sentenced within the applicable Guideline range, he will show that his sentence **is still** disparate and disproportionate in relation to the lesser sentences received for more heinous and felonious crimes and activities.

(9)

Please see the following examples:

1)  United States Vs. Raul Guerra, Criminal Action No. SA-93-CR-136 (W.D. Tex. 1993), attorney guilty of disposition of a firearm to a person reasonably believed to be a felon: total offense level of 12, guideline range of 10-16 months: following a plea of guilty, defendant was sentenced to 23 months in prison;

2)  United States Vs. Benefax Surety Corp. Criminal Action No. SA-93-CR-278 (W.D. Tex. 1993), Defendant guilty of conspiring to defraud and making false claims: victim impact loss of $24,228,574.53, total offense level of 24, following a trial Defendant was ordered to pay $1,804,879.99 in restitution;

3)  United States Vs. Anthony Michael Upton, Criminal Action No. A-94-CR-10 (W.D. Tex. 1994), contractor guilty of conspiracy to defraud the government and making false, fictitious and fraudulent claims: victim impact loss of $365.109.38, total offense level of 17, guideline range of 24-30 months: following a trial, defendant was sentenced to 24 months in prison and ordered to pay $1,804,879.99;

4)  United States Vs. Earl Stenger, Criminal Action No. SA-94-CR-322 (W.D. Tex. 1994). Psychiatrist, guilty of subscribing a false Income Tax return: victim impact loss of $200,000. total offense level of 16, guideline range of 21-27 months: following a plea of guilty, defendant was sentenced to 21 months in prison, fined $50,000. and ordered to pay $200.000. in restitution;

5) United States Vs. Charles T. Conway, Criminal Action No. SA-92-CR-184 (W.D. Tex. 1992), lawyer guilty of Income Tax evasion and structuring of currency to evade reporting requirements: victim impact loss of $46,199.87, total offense level of 13, guidelines range of 12-18 months: following a trial, Defendant sentenced to 14 months in prison.

(10)

6)  United States Vs. Lloyd Adams, Criminal Action No.  SA-94-CR-344 (W.D. Tex. 1994), defendant guilty of conspiring to steal government property: victim impact loss of $231,718.38. total offense level of 13, guideline range of 12-18 months, following a plea of guilty defendant was sentenced to 12 months of prison and ordered to pay $200,000. in restitution;

7)  United States Vs. Clinton, Manges, Criminal Action No. SA-94-CR-319 (W.D. Tex. 1994), defendant guilty of conspiring to defraud and bribery: victim impact loss of $67,634,67, total offense level of 18, guideline range of 27-33 months, defendant was sentenced to 27 months in prison;

8)  United States Vs. General Electric Corporation., defendant guilty of violating the record keeping provisions of the foreign corrupt practices act and money laundering; following a plea of guilty, defendant was fined $9,500,00. and, entered into a Civil settlement of $59,5000,000;

9) United States Vs. National Airmotive corporation., defendant guilty of submitting false claims: following a plea of guilty, defendant was fined $1,250,000. entered into a Civil settlement in the among of $1,750,000. and voluntarily returned $400.000;

In light of the foregoing examples, the defendant admits that yes, he was sentenced under the applicable guideline range, but in seeking a more perfect justice towards the sentence that was imposed the defendant has no recourse, but to go on recent Supreme Court precedent in Koon Vs. United States, decision,_____U.S._____,138    L. Ed. 2nd 392 (1996); where a modicum of discretion was restored to the federal trial opposed to the hyper-technical "how many angels fit on the head of a pin" approach of those who worship at the altar of the letter of the law.  While the sentencing guideline system seeks consistency, a sentencing judge is not required to be blind to common sense and fundamental fairness, nor do the guidelines place the Court in a sentencing straight in fashioning appropriate punishment.

(11)

See Koon,_____U.S. at_____, 116 S. Ct. at 2047.

Applying the guidelines to the individual circumstances of each defendant is "heavily dependent...on the application of the fact finding tribunal's experience with the main springs of human conduct. "United States Vs. Wright, 873, 444, (1st Cir. 1989)(citation omitted). Recognizing that punishment in ac criminal case must be base on its own peculiar facts, it nevertheless seems at least a bit ironic, if not logically absurd, that law enforcement officer Koon could beat his victim Rodney King almost to the point of death, have his sentence of thirty (30) months given the imprimatur of approval by the United States Supreme Court and yet have the same government, albeit represented by different counsel, insist this non-violent defendant are deserving of almost thrice as much punishment as officer Koon. Such a disparity runs_____unfairness and inconsistency in sentencing. See U.S.S.G. Ch. 1 Pt. A, intro. comment, at 2.

One of the underlying public policy goals of the Sentencing Guidelines is to ensure consistency among the various districts in the United States, see Id. Axiomatically, there should be some degree of punishment consistency within the District of the Federal Court System. This court should conclude that:_____the U.S. Sentencing Guidelines with its rote, computer application of the Guideline grid do not always support the two objectives of the commission, i.e. uniformity and proportionality in sentencing. U.S.S.G. Ch. 1 Pt. A, intro. comment, at 2.

The Supreme Court gave the green light to downward departure for any reason not prohibited by the Guidelines. The idea of equal justice under the law requires appropriate punishment of both white-collar and street crimes. C/F with instant case **Illegal Re-Entry** after deportation **8 U.S.C. § 1326 (a)(b).** Just as cases prosecuted in different circuits should produce similar sentences, to achieve the perception, if not the perfection of equal justice. Hence this Court should find no indication that this factor has considered by the Sentencing Commission. See Koon,_____U.S. at_____, 116 S. Ct. at 2044.

(12)

The defendant does not appear to be dangerous, <u>United States Vs. One Star., 9 F.3d 60-61</u> (8th Cir. 1993), and has not demonstrated to pose any threat to the community, <u>United States Vs. Gaskill, 991 F. 2nd 82-86 (3rd Cir. 1993)</u>.  The Sentencing Commission does not preclude a downward departure based upon the totality of circumstances (compare next issue) or a combination of characteristics. See <u>U.S.S.G. § 5K2.0 comment, at 311 (November 1995).</u>  It should be concluded that the combination of the Legislative History, the guideline commentary, the structure of the guidelines, government publications, the types of crimes prosecuted, statistical evidence and Immigration offenses and sentences landed down  in these United States.  A downward departure is therefore warranted and justified.

In anticipation of the Government's contention that the Defendant should not be given a downward departure, however as can be noted, an argument can be made that any <u>pre-Koon</u> case holding that a factor can never justify departure is no longer good law. <u>Brock , 108 F.3d at 35;</u> <u>Kalb, 105 F.3d at 429-29</u>.  Hence both Brock and Kalb provide authority for concluding any case decided prior to <u>Koon,</u> which addressed a factor the guideline do not expressly prohibit as a basis for departure and held the factor could never justify a downward departure, <u>Must be considered in light of Koon,</u> see <u>Larry Allen Nathans, Grid and Bear it, the CHAMPION, July 1997, at 49; see also Sentencing Guidelines, A.B.A.  Sec.  Crim. Justice Nesl.  July 1997, at 11-12.</u>

(13)

**ISSUE No. 3 WHETHER THE DEFENDANT SHOULD BE GRANTED A DOWNWARD DEPARTURE DUE TO DEFENDANT'S INELIGIBILITY FOR RE-RELEASE CUSTODY, B.O.P. 1 YEAR REDUCTION AFTER COMPLETING THE (500) HOURS DRUG PROGRAM: AND MINIMUM SECURITY CONFINEMENT AS A RESULT OF HIS STATUS AS A DEPORTABLE ALIEN.**

This issue which defendant has only recently become aware of.   It concerns Bureau of Prisons (BOP) policy not to consider Illegal aliens for placement in any of the Bureau's programs afforded United States Citizens namely the Bureau's five hundred (500) hours drug program, which grants the graduates of said program a one year reduction from their sentence of conviction.  On top of this fact, aliens against whom Immigration and Naturalization Service has lodged a detainer cannot receive CCC placement, Half-Way House of the possibility of being placed in a minimum security facility such as camp due to their illegal status resulting from said detainer.

Some United States District Courts have ruled that the status of being illegal represents a mitigating factor warranting a downward departure due to the reasons stated above.  Please see United States Vs. Gaither, 1 F.3d 1040, 1043 (10th Cir. 1993)(Trial Courts may properly depart downward departure from Sentencing Guidelines if Sentencing Commission did not account for mitigation factors);  see also: United States Vs. Smith, 27 F.3d 649 (D.C. Cir. 1994)(remanding to trial court for re-sentencing in light for D.C. Circuits holding that the Defendant's ineligibility for pre-release custody and minimum security confinement as a resulting of his status as a deportable alien constituted a "MITIGATING FACTOR" to be considered by Trial Court), see also: United States Vs. Farouil, 96-2227, 96-2478 (7th Cir. August 26, 1997).  In this drug case, the defendant claimed he should have receive a downward departure because his status as deportable alien adversely affects his confinement by prohibiting him from serving some of his sentence in a minimum security facility or in a Half-Way House.

(14)

Relying on cases predating the important departure decision in <u>Koon Vs. United States, 116 S. Ct. 2035 (1996),</u> the District Court delivered it did not have the authority to grant the requested downward departure. The Seventy Circuit reversed, observing consistent with <u>Koon</u> that the District Court enjoyed broad discretion in deciding whether to depart. Quoting "there is no reasons to believe that the Guidelines have accounted for defendant's status as a deportable alien in setting levels for drug offenses". Further, in <u>United States Vs. White, 71 F.3d 920 (D.C. Cir. 1995),</u> United States District Judge for the District of Columbia, the Honorable Norman Holloway granted a downward departure because defendant was a deportable alien. And in <u>United States Vs. Smith,</u> SUPRA, the Court held that a downward departure "May be appropriate" where the defendant's status as a deportable alien is likely to cause fortuitous increase in the severity of his sentence.

A defendant's status as an alien may be taken into account to support a departure from his presumptive sentence under the U.S. Sentencing Guidelines when the status directly affects the conditions under which the defendant will serve his sentence, the <u>U.S. District Court for the District of Massachusetts held November 14, United States Vs. Bakeas, D.C. Mass. No. 96-10184-NG, 11/14/97.</u> The recommended guidelines sentence, for the Defendant in this case is 12 months' imprisonment. Where it not for Defendant's status as a permanent resident alien, he would serve that sentence in a minimum security facility or, as the probation department recommended, in a community treatment center. The Bureau of Prisons recently decided, however, that non-citizens are ineligible for those forms of punishment, so the defendant would have, serve his time at a medium-security institution. This is significantly, more onerous conditions of confinement, the Court pointed out. The Court canvassed the case law on sentencing departures and concluded that a departure to best approximate the sentence the defendant would receive if no for his alien status is permissible. Application of the Bureau of Prisons Policy would lead to a result unusual for someone like the defendant in every way except for citizenship. The court therefore crafted a sentenced of supervised release, 10 months of which must be served in home detention under rigorous conditions.

(15)

In addition, because defendant offense in no way intrinsically involved alienage, the Court saw no reasons to believe that the commission took this possible consequence into account in setting the relevant guidelines' sentence. This Court may depart downward if it finds that "an aggravated or mitigating circumstance exists that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence different from the described. "18. U.S.C. § 3553(b).

The Supreme Court has recently reemphasized the Sentencing Commission's instructions; the kinds of factors, whether or not mentioned elsewhere in the guidelines, that could constitute grounds for departure in an unusual case. U.S.S.G. Ch. 1 Pt. A(b). United States Vs. Koon, 116 S. Ct. 2035, 2044, 59 C. rl. 2132 (1996). Indeed, the Commission expected and encouraged District Courts to depart in such cases, thereby providing the feedback essential to the further progress and refinement of the guidelines. United States Sentencing Guidelines Ch. 1 Pt. A(b) United States Vs. Rivera, 994 F. 2d 942, 949-50   53 C. rl 1245 (CAL 1993).

In United States Vs. Simalavong, 924 F. Supp. 610, 613 (D.C. Vr. 1995) a sentencing Judge in the Court Circuit faced a dilemma very similar to the one here. The single fact of the defendant's Canadian citizenship prevented the sentencing Judge from imposing the sentence authorized by the guidelines and befitting the circumstances of the case. The court found that the difference between an incarceratory and a non-inccarceratory sentence was "precisely the kind of extraordinary effect" of alienage that the **Restrepo** ❶ Court had suggested should serve as the basis for a downward departure. Court departed downward in order to impose a sentence of home detention___the sentence closets to that which it would have imposed on a United States Citizens under the guidelines. The defendant is in precisely the same situation as far as alienage is concerned.

---

❶ United States Vs. Restrepo, 999 F. 2nd 640 (CA 2 1993).

(16)

In imposing a sentence, the court must consider not only the length of the sentence, but also the conditions under which it will be served. 18 U.S.C. § 3553 dictates that defendant's sentence must be "sufficient, but not greater than necessary". "(T)he kinds of sentenced available" is explicitly listed as a factor to consider in imposing sentenced under section § 3553(a). The Guidelines Manual sets out in detail the alternative types of confinement available under each zone of the Sentencing Table, and now the different types may be substituted for each other. U.S.S.G. § 5C1.1.

Prison Camp and low-in security prison are as different in kind as are home detention and community confinement, and they have as great an impact on whether defendant's sentence is "greater than necessary". It would be inconsistent for the guidelines to instruct this Court to consider the letter difference and dorbid ; to consider the former. Under Rivera, once the court.....has properly determined that a case is, indeed "unusual", the case becomes a candidate for departure....."994 F.2nd at 924. This Court should depart from the guidelines, sentence in order to create, to the extent possible, the functional equivalent of what the guideline sentence would have been for a United States Citizens.

# DISCUSSION

Many defendants receive downward departures on motion of the government for cooperation with law enforcement officials in ongoing investigation. See <u>1995 U.S. SENTENCING COMM'N. Rep. Table 31, at 90.</u> If a defendant is a large corporation such as the General Electric example, it can by peace with a multimillion dollar payment. But the swarf tomato variety of defendants who are prosecuted at the end of an investigation to be harvested have no such opportunity. The Defendant from Mexico; is clearly not in a position to give up information i.e. Substantial information for the usual § 5K2.0 downward departure.

This reality, is one of the more identifiable failings of the Sentencing Guidelines. Often, the only offenders who can take advantage of this type of sentencing relief are the hardcore defendants who have worked their way up in a criminal enterprise to become trusted lieutenants. Only they are in possession of the type and quality of information which can result in arrests and prosecutions, so only they can take advantage of downward departures under this section of the guidelines. In a sense, a person is rewarded for being more involved in a criminal enterprise or activity_____for being more of a criminal. It is "curious and curious" that the Defendant could actually receive a lower sentence if he was high up in an organization, had been considered by the Sentencing Commission. See Koon,_____U.S. at_____,116 S.Ct. at 2044.

(18)

# CONCLUSSION

Petitioner <u>Pedro Delerma Ferretiz,</u> prays that this Honorable Court grant his Motion pursuant to 28 United States Code § 2255.   And remand his case for re-sentencing based of the arguments presented.

(19)

CutePDF - www.fastio.com

## CERTIFICATE OF SERVICE

I, <u>Pedro DeLerma Ferretiz</u>, hereby certify that I have serve an original and two copies of my true and correct motion pursuant to 28 U.S.C. § 2255, to the following; by delivering said to the prison mail box pre-paid postage on this <u>18</u> day of <u>August</u> 2000.

U.S. DISTRICT COURT
Clerk of the Court
Mr. Michael N. Milby
600 E. Harrison Street
Brownsville, Texas 78520

ASSISTANT U.S. ATTORNEY
Ms. Adela Kowalsky Garza
600 E. Harrison St. Suite #201
Brownsville, Texas 78520

I, declare under penalty of perjury that the foregoing is true and correct of my knowledge executed this **18 day of August 2000.**

Respectfully Submitted

Pedro DeLerma Ferretiz
Reg. No. 71718-080
Giles W. Dalby Corr. Fac.
805 North Avenue F
Post, Texas 79356

(20)