4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 09 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PEDRO DELERMA FERRETIZ, | § | |
| Plaintiff-Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-130 |
| | § | |
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. B-99-149-1 |
| Defendant, Respondent. | § | |

**UNITED STATES' ANSWER, MOTION TO DISMISS PEDRO DELERMA FERRETIZ'S MOTION FOR RELIEF UNDER RULE 8(A), 28 U.S.C. FOLL. § 2255, AND SUPPORTING BRIEF**

The United States of America, Defendant-Respondent, by the United States Attorney for the Southern District of Texas, answers and moves this court to dismiss Pedro DeLerma Ferretiz's motion for relief under Rule 8(a), 28 U.S.C. foll. § 2255.

1. **Jurisdiction.** This court has jurisdiction under 28 U.S.C. § 2255.

2. **Procedural history.** On March 30, 1999, Pedro DeLerma Ferretiz ("DeLerma") was charged in an indictment with one count of illegal re-entry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b) (Doc. 1). On June 3, 1999, DeLerma pleaded guilty to the indictment charging him with illegal re-entry after deportation without the benefit of a plea agreement before the Honorable Filemon Vela (Doc. 17). On June 25, 1999, the United States filed a statement of no objections to the presentence report ("PSR") (Doc. 19). On July 7, 1999, DeLerma filed his objections to the PSR arguing that his conviction for transporting aliens before his deportation was not an aggravated felony. DeLerma moved for a downward departure based on the severity of his sentence and the fact that his wife and children were citizens of the United States so he had a great incentive to return illegally to the United States (Doc. 20). At the sentencing hearing on August 25, 1999, the district court adopted the PSR and denied DeLerma's objections and downward departure (Doc. 26 at p. 6). The court sentenced him to 41 months in the custody of the Bureau of Prisons

("BOP"), 3 years supervised release, no fine, and a $100 mandatory special assessment (Doc. 23). The district court entered its judgment of conviction and sentence on September 17, 1999 (Doc. 25).

On August 25, 1999, DeLerma filed his notice of appeal (Doc. 24). The Fifth Circuit Court of Appeals affirmed DeLerma's conviction on May 31, 2000 (Doc. 28). *United States v. DeLerma Ferretiz*, 218 F.3d 744 (5th Cir. 2000) (Table). The Fifth Circuit issued its mandate on June 22, 2000 (Doc. 28). DeLerma did not file a petition for a writ of *certiorari*.

On August 24, 2000, DeLerma filed a document styled "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Doc. 34), within the one-year limitations period to seek relief by way of a § 2255 motion, *United States v. Flores*, 135 F.3d 1000 (5th Cir. 1998), *cert. denied*, ___ U.S. ___, 119 S. Ct. 846 (1999). The United States was ordered to file its answer by November 10, 2000.

3.      **Statement of facts**. The statement of facts taken from the PSR is attached hereto as Appendix A.

4.      **Allegations**. In support of his motion to vacate, DeLerma first claims his prior conviction for an aggravated felony was an element of the offense of illegal re-entry after deportation and not merely a sentencing enhancement. Second, he argues that the district court erred by not departing downward because the crime of conviction lacked a specific intent element. Third, he argues that his ineligibility for minimum security confinement, for the BOP's five (500) hour drug program, and for pre-release custody attributable to his status as a deportable alien constitute significant mitigating factors that entitle him to a downward departure. He does not claim to be innocent of the offenses, nor does he claim any viable defenses overlooked by counsel. These issues are totally frivolous and should be rejected.

5.  **Transcripts.** The pleadings are on file with the court. The Rule 11 re-arraignment hearing and the sentencing hearing have been transcribed and are part of the court's file.

6.  **Answer and motion to dismiss.**

    A.  <u>DeLerma's claims were waived by failure to raise them on direct appeal.</u>

    DeLerma only appealed one issue to the Fifth Circuit: whether the indictment was deficient for failing to allege specific intent.   He did not appeal any of the issues that he now raises for the first time in his § 2255 motion. Because he did not directly appeal these new issues, he procedurally defaulted. *See United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999). "In general, '[i]t is well settled that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the petitioner can first demonstrate either (1) cause and prejudice, or (2) that he is actually innocent of the crime for which he was convicted.'" *Id.* (quoting *United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir. 1998)); *see also Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604 (1998). After the Supreme Court's decision in *Bousley*, however, DeLerma cannot rely on a cause and prejudice argument to escape procedural default. *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).
Because DeLerma did not directly appeal these new issues, he must rely on the "actual innocence" prong of the standard to overcome a procedural default. *Id.*; *Torres*, 163 F.3d at 911. Thus, he must establish actual innocence in order to secure relief. *Jones*, 172 F.3d at 384.

    Actual innocence means "factual innocence, and not mere legal insufficiency." *Id.* (quoting *Bousley*, 118 S. Ct. at 1611). To prove actual innocence, DeLerma "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 118 S. Ct. at 1611 (citations and quotations omitted). DeLerma does not allege in his § 2255 motion that he is innocent. He does not allege that his guilty plea was unknowing or

involuntary. He does not offer any facts that would show he is innocent. His § 2255 motion is premised upon his admission that he is guilty, but is still entitled to post-sentencing relief. DeLerma has procedurally defaulted on all three (3) issues he now raises for the first time.

  B. <u>An aggravated felony conviction is a sentencing enhancement and not an element of the offense.</u>

In his first ground for relief, DeLerma argues that his prior aggravated felony conviction for transporting aliens was an element of the offense and should have been alleged in the indictment, rather than merely a sentencing enhancement. His aggravated felony conviction increased the statutory maximum term of imprisonment from two (2) years under 8 U.S.C. § 1326(a) to twenty (20) years under 8 U.S.C. § 1326(b)(2), and also increased his base offense by 16-levels under USSG § 2L1.2(b)(1)(A). He cites a number of older cases from the Second and Ninth Circuits, which are no longer good law after *United States v. Almendarez-Torres*. He then observes in his motion that the Supreme Court recently granted *certiorari* in *United States v. Almendarez-Torres* to resolve the split in the circuits. His writ writer or legal advocate at the prison needs to update his form brief because *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998), was decided by the Supreme Court more than two (2) years ago. *Almendarez-Torres* conclusively established that an aggravated felony conviction prior to deportation is a sentencing enhancement and not an element of the offense. *Id.* at 226, 118 S. Ct. at 1222. *Apprendi v. New Jersey*, 530 U.S. __, 120 S. Ct. 2348 (2000) did not overrule *Almendarez-Torres*. *Almendarez-Torres* is controlling, and thus, it was unnecessary to allege the fact of a prior aggravated felony in the indictment in order for DeLerma to be sentenced pursuant to § 1326(b)(2). His first claim for relief should be denied with prejudice.

  C. <u>Lack of specific intent was rejected by the Fifth Circuit and is not cognizable as a basis for a downward departure.</u>

.

In his second ground for relief, DeLerma argues that his 41-month sentence was too severe because his conviction for illegal re-entry did not contain a specific intent element and some defendants in unrelated cases received more lenient sentences. He apparently is requesting this Honorable Court to depart below the guidelines range. To the extent that his argument is premised on the fact that specific intent is an element of illegal re-entry after deportation, the Fifth Circuit rejected his argument on direct appeal (Doc. 28). To the extent that he complains his sentence was too harsh, his complaint is frivolous because he was sentenced at the low end of the guidelines range of 41 to 51 months (PSR ¶49).

Assuming, *arguendo,* that this court finds DeLerma may raise an issue for the first time in his § 2255 motion which he failed to raise on direct appeal, then his argument that some unrelated defendants received more lenient sentences fails because it is not cognizable under § 2255. His claim that the sentencing guidelines were improperly applied is not cognizable under § 2255. *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996) (district court's ruling that defendant was not entitled to reduction for acceptance of responsibility is not cognizable in § 2255 motion). "'Relief under § 2255 is reserved for transgressions of constitutional rights and a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding.'" *Id.* (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). DeLerma was sentenced within the guidelines range of 41 to 51 months (PSR ¶49) and did not appeal his sentence.

DeLerma's claim does not pose any constitutional, statutory, or jurisdictional issue, nor does he assert that his sentence was in excess of the guideline maximum. "'A district court's technical application of the Guidelines does not give rise to a constitutional issue.'" *Id.* at 1281-82 (quoting

*United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)); *see also Kennedy v. United States*, 863 F. Supp. 334, 338 (S.D. Miss. 1994) (defendant who did not challenge determination of his offense level on direct appeal was precluded from raising the issue in a collateral proceeding under § 2255). DeLerma could have raised the severity of his sentence issue on direct appeal, but he chose not to do so. The district court may not entertain it here. *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994)..

If this court determines that DeLerma's severity-of-his-sentence issue is cognizable, then the government respectfully requests permission to file a supplemental answer to address the merits of his § 2255 motion. His second claim for relief should be denied with prejudice.

D. <u>Departure based upon alienage is not cognizable.</u>

In his third claim for relief, DeLerma complains that this court should have departed downward to compensate for his status as a deportable alien, which allegedly precludes him from participation in the Bureau of Prisons drug rehabilitation program and makes him ineligible to serve a portion of his sentence at a halfway house or at a minimum security prison camp. As discussed above, this claim is not cognizable under this § 2255 motion and it should be rejected. DeLerma cannot collaterally attack his sentence based upon any perceived misapplications of the sentencing guidelines, *United States v. Lopez*, 923 F.2d 47 (5th Cir. 1991) *cert. denied*, 500 U.S. 924, 111 S. Ct. 2032 (1991); *United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992); *United States v. Seyfert*, 67 F.3d 544 (5th Cir. 1995); *United States v. Faubion*, 19 F.3d 226 (5th Cir. 1994), *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994); *United States v. Segler*, 37 F.3d 1131 (5th Cir. 1994); *United States v. Patten*, 40 F.3d 774 (5th Cir.1994), *cert. denied*, 515 U.S. 1132, 115 S. Ct. 2558 (1995); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995); *cert. denied*, 516 U.S. 1165, 116 S. Ct. 1056 (1996); and *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). This relief sought

is just not cognizable in this action and should have been raised upon a direct appeal but it was not. His third claim for relief should be denied with prejudice.

8.  **Conclusion**.  For these reasons, DeLerma's motion to vacate sentence under 28 U.S.C. § 2255 is without merit and should be dismissed with prejudice pursuant to Rule 8(a), Rules - § 2255 Proceedings.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

David H. Peck
Assistant United States Attorney
910 Travis, Suite 1500
P. O. Box 61129
Houston, Texas 77208-1129
(713) 567-9369
S.D. TX. ID No. 6295
TX Bar Card No. 15701980

# APPENDIX A

## STATEMENT OF FACTS FROM:

### *UNITED STATES V. PEDRO DELERMA FERRETIZ*
### CRIMINAL NO. B-99-149-1

DeLerma was a citizen of the Republic of Mexico by virtue of his birth there on July 2, 1962 (PSR ¶27).

On May 28, 1996, DeLerma was convicted of one count of illegally transporting aliens in the United States District Court for the Western District of Texas, San Antonio Division, in criminal No. SA-96-CR-36(01). On August 21, 1996, he was sentenced to four (4) months custody in the Bureau of Prisons followed by a 2-year term of supervised release, which expired on December 15, 1998 (PSR ¶23).

DeLerma was last deported to Mexico from Laredo, Texas, on February 26, 1999 (PSR ¶6). On February 28, 1999, he illegally re-entered the United States at or near Brownsville, Texas (PSR ¶7).

On March 1, 1999, United States Border Patrol agent Daniel Scott Perez ("Perez") encountered DeLerma at the Valley International Airport in Harlingen, Texas (PSR ¶5). During initial questioning by Border Patrol agent Perez, DeLerma advised that he was a United States citizen born at Dallas, Texas. Shortly thereafter, DeLerma admitted that he was born in Mexico and presented a Texas driver's license or Texas identification card (PSR ¶5).

Agent Perez conducted a follow-up investigation and determined DeLerma had a conviction for transporting undocumented aliens and a charge for illegal entry. DeLerma admitted that he had illegally entered the United States the previous day (i.e., February 28, 1999) by crossing the Rio Grande River (PSR ¶7). Agent Perez also determined that DeLerma's legal status had been revoked

due to his conviction for transporting aliens and that DeLerma had previously been deported (PSR ¶6). DeLerma admitted to agent Perez that he had been previously deported and that his permanent resident status had been revoked due to his alien transporting conviction. Agent Perez arrested DeLerma and transported him to the Harlingen Border Patrol Station for processing (PSR ¶7).