6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# - BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

DEC 12 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| PEDRO DELERMA FERRETIZ, | § | |
|    Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-00-130 |
| VS. | § | |
| | § | CRIMINAL NO. B-99-149-1 |
| UNITED STATES OF AMERICA, | § | |
|    Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pedro Delerma Ferretiz ("Delerma") has filed a 28 U.S.C. § 2255 Motion seeking relief from his forty-one month sentence for violating 8 U.S.C. § 1326. (Docket No. 1). The government has filed a Motion to Dismiss (Docket No. 4) which, for the reasons set forth below, should be granted.

## BACKGROUND

According to a statement of facts drawn from Delerma's presentence report ("PSR") and attached to the government's Motion to Dismiss as Exhibit A, Delerma was convicted of transporting illegal aliens in the Western District of Texas in 1996. He was deported on February 26, 1999. Two days later he returned illegally. On March 1, 1999, he was arrested at Valley International Airport, Harlingen, Texas.

On June 3, 1999, Delerma pled guilty to violating 8 U.S.C. §§ 1326 (a) and 1326(b). On August 25, 1999, the district court sentenced Delerma to forty-one months, the bottom of the guideline range.

On May 31, 2000, Delerma's conviction was affirmed by the Fifth Circuit. This petition followed.

## THE § 2255 PETITION

In his § 2255 Motion, Delerma makes the following claims:

1. His prior aggravated felony conviction was an element of the offense, not merely a sentencing enhancement;

2. There should have been a downward departure because his offense lacked the element of specific intent;

3. The fact that his status as an alien precludes his participation in Bureau of Prisons ("BOP") drug programs, early release and minimum security confinement entitles him to a downward departure.

## RECOMMENDATION

None of Delerma's claims has merit. All of these claims are procedurally barred by Delerma's failure to raise them on direct appeal. *United States v. Torres*, 163 F.3d 909 (5th Cir. 1999).

Putting that issue aside and analyzing these claims demonstrates their lack of merit.

Delerma first contends that the transporting alien charge which resulted in his deportation is an element of the § 1326 charge. The Supreme Court in *United States v. Almendarez-Torres*, 523 U.S. 224 (1998) addressed this very claim and decided that in § 1326 cases the prior aggravated felony is a sentencing issue, NOT an element of the offense.

Delerma next claims that his offense is not a specific offense and that others charged with the same offense received lighter sentences. He was sentenced at the low end of the guidelines. His sentencing complaints do not raise constitutional issues and are not cognizable in a § 2255 proceeding. *United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992).

Finally, Delerma argues that as a deportable alien, he should have received a downward

2

departure because he is not eligible to participate in the BOP drug rehabilitation program which would allow him to serve part of his sentence in a halfway house. This is a guideline issue, not cognizable in a § 2255 proceeding. *United States v. Cervantes*, 132 F.3d 1106 (5th Cir. 1998)

IT IS THEREFORE RECOMMENDED that the government's Motion to Dismiss be **GRANTED**. IT IS FURTHER RECOMMENDED that Pedro Delerma Ferretiz's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 12th day of December, 2000.

　　　　　　　　　　　　　　　　　　John Wm. Black
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

3